Nos. 22-1393, 22-1430, 22-2395 & 22-2451

—————————

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

—————————

JOHN NAWARA,
*Plaintiff-Appellant,*

*v.*

COUNTY OF COOK and THOMAS J. DART, in his official capacity as
head of the Cook County Sheriff's Office,
*Defendants-Appellees.*

—————————

On Appeal from the United States District Court
for the Northern District of Illinois
No. 17-cv-2393
Hon. Rebecca R. Pallmeyer

—————————

## REPLY BRIEF OF DEFENDANTS-APPELLEES COOK COUNTY AND THOMAS J. DART IN FURTHER SUPPORT OF CROSS-APPEAL

Stephanie A. Scharf
Sarah R. Marmor
George D. Sax
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago IL 60606
Phone: 312-726-6000
sscharf@scharfbanks.com
smarmor@scharfbanks.com
gsax@scharfbanks.com

Kimberly M. Foxx
COOK COUNTY STATE'S
ATTORNEY'S OFFICE
69 West Washington St., Suite 3200
Chicago, IL 60602
(312) 603-1880

*Special Assistant Cook County State's
Attorneys, on behalf of Defendants-Appellees
and Cross-Appellants*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................iii
ARGUMENT .................................................................................................................... 1
CONCLUSION.................................................................................................................. 3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brown v. Bartholomew Consol. Sch. Corp.*,
   442 F.3d 588 (7th Cir. 2005) ...................................................................................1, 2

*Burton v. Ghosh*,
   961 F.3d 953 (7th Cir. 2020) ..........................................................................................3

*Cabral v. City of Evansville*,
   759 F.3d 639 (7th Cir. 2014) ..........................................................................................2

*H.P. v. Naperville Cmty. Unit Sch. Dist. No. 203*,
   910 F.3d 957 (7th Cir. 2018) ...................................................................................1, 2

*McDonnell Douglas Corp. v. Green*,
   411 U.S. 792 (1973)........................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 8(c) ...............................................................................................................3

Fed. R. Civ. P. 50.................................................................................................................3

## ARGUMENT

Defendants and Cross-Appellants Cook County and Sheriff Thomas J. Dart ("Defendants") cross-appealed from one aspect of the judgment below: the injunctive order to restore Plaintiff Nawara's lost "seniority." R. 413 at 5-6.[1] The dispute over restoring Nawara's lost seniority as a correctional officer in the Cook County Department of Corrections became moot in 2019, when Nawara left the Department of Corrections for a new job in the Cook County Sheriff's Police. Cross-Appeal Br. 33-34. Nawara's two-page response to the cross-appeal, Cross-Response 21-22, ignores the merits of Defendants' argument and instead makes a procedural "waiver" argument.[2] This court should reject Nawara's argument and vacate as moot the injunction restoring his seniority, for the reasons below.

*First*, Nawara's argument that the issue of mootness has been waived because it must be pleaded as an affirmative defense, Cross-Response Br. 21, lacks merit. Mootness is a fundamental jurisdictional defect that may be argued at any time, including for the first time on appeal. *H.P. v. Naperville Cmty. Unit Sch. Dist. No. 203*, 910 F.3d 957, 960 (7th Cir. 2018); *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 599-60 (7th Cir. 2005). Reflecting that fact, Nawara cites no case law stating

---

[1] We cite our combined response / opening brief on cross-appeal as "County Br. ___" and Nawara's combined reply / cross-response brief as "Cross-Response Br. ___."

[2] Although Nawara's cross-response addresses our argument regarding *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), Cross-Response Br. 19-20, that argument is unrelated to the Defendants' cross-appeal and was offered only as reason to *affirm* the district court's denial of back pay to Nawara, County Br. 13-14. Accordingly, we address *McDonnell Douglas* no further in this cross-reply.

mootness must be pleaded as an affirmative defense, and Defendants are aware of none.

*Second*, Nawara argues that his departure from the Department of Corrections was not at issue in the district court proceedings, Cross-Response Br. 21-22, but the record confirms that this argument was before the district court. At his October 2019 deposition, Nawara admitted that he had just left his former job as a correctional officer and his former union, the Teamsters, for a new job at the Sheriff's Police and new union, the Fraternal Order of Police. R. 409-1 at 19:5-25:1. In opposition to Plaintiff's post-trial motions, Defendants cited Nawara's deposition testimony and argued to the district court that it would be "useless" to Nawara to restore his seniority levels at his former position as a correctional officer. R. 409 at 2 n.1. The district court, in its final order, opined that "if—as Defendants assert, but Nawara has not discussed—Nawara cannot benefit from certain aspects of seniority because he took a new position upon his return to work, then compliance with that aspect of the Seniority Order will pose no challenge." R. 413 at 6. This aspect of the judgment must be vacated as moot because Nawara cannot seek restoration of seniority to a job he no longer holds. County Br. 33-34.

*Third*, Nawara cites no case law to overcome the problem that the district court's order to restore "lost seniority" was a speculative, improper advisory opinion. County Br. 33-34 (citing *Cabral v. City of Evansville*, 759 F.3d 639, 642 (7th Cir. 2014)); see also *H.P.*, 910 F.3d at 960; *Brown*, 442 F.3d at 599-60. Nawara's response cites no Seventh Circuit case law in response to *Cabral.*, or any other case law applying the mootness doctrine. He instead cites one, easily distinguishable case:

*Burton v. Ghosh*, 961 F.3d 953, 965-66 (7th Cir. 2020). Cross-Response Br. 20. In *Burton*, the defendant violated the express language of Fed. R. Civ. P. 8(c), which states that "res judicata" defenses must be raised in a district court pleading to avoid waiver of the defense on appeal. Defendants here are not arguing res judicata, and mootness is not one of the waivable defenses enumerated in Fed. R. Civ. P. 8(c).

*Fourth*, Nawara points to no record evidence that he would benefit from restored seniority levels at the Cook County Department of Corrections. Nawara fails to dispute that his current job with the Sheriff's Police Department is a different job with a different union and seniority system. Moreover, it is self-evident that police officers and correctional officers have different and distinct jobs. Indeed, the district court drew a critical legal distinction below between correctional departments and police departments: police interact with the general public, and correctional officers do not. R. 360 at 16-17 (denying Fed. R. Civ. P. 50 motion). There is no longer any case or controversy regarding Nawara's seniority as a correctional officer, because he is not a correctional officer. The seniority system at a job that Nawara left more than three years ago cannot apply to his job as a police officer.

## CONCLUSION

For the reasons stated above and in our opening brief on appeal, this court should affirm the district court's judgment denying Nawara back pay, and vacate as moot the portion of that judgment requiring restoration of his seniority.

# CERTIFICATE OF COMPLIANCE

Pursuant to. R. App. P. 32(a)(7)(C), the undersigned hereby certifies that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B).

1. Exclusive of the exempted portions of the brief, as provided in Fed. R. App. P. 32(a)(7)(B), the brief contains 832 words.

2. The brief has been prepared in proportionally spaced typeface using Microsoft Word in 12-point Century font. As permitted by Fed. R. App. P. 32(a)(7)(C)(i), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

Respectfully submitted,

/s/ George D. Sax
Stephanie A. Scharf
Sarah R. Marmor
George D. Sax
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago IL 60606
Phone: (312) 726-6000
sscharf@scharfbanks.com
smarmor@scharfbanks.com
gsax@scharfbanks.com

*Attorneys for Defendants-Appellees and Cross-Appellants Cook County, Illinois and Thomas J. Dart, Sheriff of Cook County*

# CERTIFICATE OF SERVICE

I hereby certify that on **April 3, 2023,** I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Respectfully submitted,

/s/ George D. Sax
Stephanie A. Scharf
Sarah R. Marmor
George D. Sax
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago IL 60606
Phone: (312) 726-6000
sscharf@scharfbanks.com
smarmor@scharfbanks.com
gsax@scharfbanks.com

*Attorneys for Defendants-Appellees and Cross-Appellants Cook County, Illinois and Thomas J. Dart, Sheriff of Cook County*